

# NUMBER 13-23-00519-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

OSCAR ENRIQUE GONZALEZ,                                              **Appellant,**

**v.**

THE STATE OF TEXAS,                                                  **Appellee.**

## On appeal from the 63rd District Court
## of Val Verde County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina**

The cause is before the Court on appellant's motion for extension of time to file notice of appeal. Appellant, Oscar Enrique Gonzalez, attempted to perfect an appeal from a judgment in trial court cause 14468CR.[1] We dismiss the appeal for want of jurisdiction.

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The sentence was imposed by the trial court in this matter on July 31, 2023, and appellant filed his late notice of appeal and motion for extension of time to file notice of appeal on November 9, 2023. Appellant's motion for extension of time indicates a pro se motion for new trial was filed on August 21, 2023; however, the record reflects the pro se motion for new trial was filed on October 20, 2023. The Clerk of the Court confirmed, by telephone, that the district clerk had no filing of a motion for new trial on the date appellant indicated; furthermore, the case summary from the district clerk does not reflect such a filing on that date. Finally, on November 29, 2023, the Clerk of the Court notified appellant that it appeared the appeal was not timely perfected.

Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial is timely filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, *within* fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal, filed more than sixty days after sentence was imposed, was untimely, and the motion for extension of time to perfect appeal was filed outside of the 15-day grace period. Accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

The Court, having examined and fully considered the documents on file and appellants failure to timely perfect her appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal hereby is dismissed for want of jurisdiction. Accordingly, appellant's motion for extension of time to file a notice of appeal is also dismissed for want of jurisdiction.

JAIME TIJERINA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed on the
4th day of January, 2024.